GEORGE M. BOWEN, Plaintiff in Error, *v.* STATE OF OREGON, Defendant in Error.

*Error to Jackson.*

The overruling of a motion for a new trial, by the court below, cannot be alleged as error.

AN indictment, alleging that on a day certain a mortal wound was inflicted, which did not allege the death upon a particular day, when found and presented, within one year from the time of giving such wound, is sufficiently correct under the statute.

George M. Bowen was convicted of murder in the first degree, at the Circuit Court of Josephine County.

*J. H. Reed*, of counsel for plaintiff in error.

*B. F. Dowell*, of counsel for defendant in error.

BOISE, J. Several grounds of error are relied on by the counsel for the plaintiff to reverse the judgment, which we will consider separately.

"1st. It is urged that the court below erred in overruling the motion for a new trial." As to this point, it is sufficient to say, that it has been judicially decided, by the late Supreme Court of the territory of Oregon, that the overruling of a motion for new trial cannot be alleged as error. It is therefore not now regarded as an open question; but as the reasons for the decision referred to are not recorded, it is deemed expedient to state them at this time.

The decision is based upon the peculiar phraseology of the statute of this State, which provides that every final judgment may be examined upon a writ of error, in the *same court* for error of *fact*, and in the Supreme Court for error in law; thereby leaving the consideration of errors of fact to the final determination of the Circuit Courts.

All these matters which may be urged as grounds for a new trial are matters of fact, which do not appear on the face of the record, except errors in law occurring at the trial, and excepted to by the party making the application for a new trial; which errors in law shall be set forth in a bill of exceptions, which becomes a part of the record, and may be considered on a writ of error in the Supreme Court, the same as any other part of the record; and a bill of exceptions, in order to be considered by the Supreme Court, must conform to the statute on the subject, which provides that an exception shall consist of objections taken at the trial to a decision on matter of law, and must be taken before the verdict is rendered, or decision made determining the rights of the parties in the case; and all objections not so taken are regarded as waived.

The other ground of error alleged is, that the time of the death is not sufficiently alleged in the indictment. The indictment alleges that on a day certain, Bowen inflicted on the deceased a mortal wound, of which he died, without alleging, in the usual form, that, languishing of such wound, he died on a particular day.

The indictment was found within less than one year from the time the wound is alleged to have been given; and this finding by the grand jury of the death of the deceased, within less than one year from the giving of the wound, renders it certain, from the indictment, that the death must have occurred within one year from the time the wound was inflicted, which we think is sufficient under our statute.

Judgment is affirmed.