(Judge Clark, of the Fourth Circuit, taking the place of Judge Stewart.)

*JOHN BROOKS v. DAVID SCOBIE.

EFFECT OF APPEAL ON REPORT OF MASTER.

     An appeal from the common pleas to the district court, prior to February 9, 1885, and an additional bond given conditioned upon the judgment of the circuit court, as the successor of the district court, does not, under section 5222, of the Revised Statutes, vacate the report of a master commissioner; but the case stands for hearing in the appellate court, upon the exceptions to the master's report, and for confirmation, modification, or vacation, as it stood in the court below, unless upon some equitable showing, the court permits additional testimony to be offered.

MOTION for a re-reference, on the ground that the report of the master commissioner is vacated by the appeal.

CLARK, J.

This is a motion on behalf of defendant, Scobie, to refer the case anew to a master commissioner, on the ground that the report of the master in the court below, was vacated by the appeal. It has been earnestly and well argued by counsel representing the respective parties, and is not free from difficulty. It presents a question of practice upon which, as far as we are aware, we have no decision of the court of last resort, directly in point. The action in the court of common pleas of this county was brought by Brooks against Scobie, to adjust and settle a partnership account, and for a judgment for any balance that might be found due him from Scobie. The petiton avers the formation of a partnership between the plaintiff and defendant and one Thomas; the business to be carried on; the amounts to be contributed by each of the parties to the capital stock of the company; the different amounts each had contributed up to January 1, 1877, when an inventory was taken and the interest of each of the partners in the assets of the firm ascertained; that at said time a further agreement was entered into extending said partnership to April 1, 1880, and particularly stating its terms; that in August, 1879, said Thomas withdrew from the firm, and sold, transferred and assigned all his interest in said partnership to the plaintiff; that the business was carried on thereafter by plaintiff and defendant as equal partners. That in 1880, the property of the firm, except its credits, was sold and converted, the debts paid and the partnership dissolved. That the said partnership was largely indebted to plaintiff, the amount of which indebtedness could not be ascertained without an account of said partnership. That defendant had collected claims due the said firm and had failed and refused to account for the same, either to said firm or to the plaintiff. That the plaintiff had frequently requested of defendant an account of his proceedings in the premises and payment of the amount due to him on account of said partnership transactions, but that he had failed and still fails and refuses so to do. Prayer for an account and judgment and other relief.

The answer of defendant, Scobie, admits all the allegations of the petition, except he denies:

1. That at the time of said further agreement, of January 1, 1879, "it was agreed between said partners, that in case of the death or withdrawal of either of them, the capital stock of said partner so dying or withdrawing shall not be withdrawn from said firm, but that he should receive his share of the net profits

*The judgment in this case is followed in Cairns Ex'r v. Hedges et al. *post.* See also note at end of case.

up to the time of such death or withdrawal, and interest upon his capital stock thereafter."

2. Denies the alleged sale, transfer and assignment by said Thomas of his interest in said partnership to the plaintiff.

3. Denies that said business, after the time of said alleged withdrawal and assignment of said Thomas, was carried on by himself and the plaintiff as equal partners.

4. Denies that said partnership was largely indebted to the plaintiff.

5. Denies that he collected claims for which he refuses to account; and alleges that all claims collected by him had been applied to partnership debts.

6. Denies that he had refused to render an account of his proceedings in the premises, and avers that he had always been ready and willing, and still was, to adjust and settle said partnership with the plaintiff.

By consent of parties the case was referred to a regular master commissioner of the court, "to take the testimony in writing, in narrative form, upon the issues in the cause, and report the same to the court, and therewith his conclusions on the law and facts involved in said issues, without unnecessary delay."

The master, in addition to the admissions in the pleadings, found, in substance, as conclusions of fact, the issues as claimed by Brooks, except the first and fifth.

He did not find specially on the fifth issue, but inferentially, that Scobie had not collected any claims that he had not accounted for. He found that Thomas was a partner until the 12th of August, 1879, and not after that time; and that at the date of his transfer to Brooks, he had drawn out of the partnership more than was coming to him, and consequently, had nothing to transfer. This finding rendered the first issue immaterial. He found the amount each partner had put into and drawn out of the partnership up to the time of the withdrawal of Thomas; that at that time a new partnership was formed by Brooks and Scobie in which each had as capital the amounts stated; that the business was continued by them as equal partners until the dissolution; that the assets were insufficient to pay the firm debts, leaving two or three small amounts unpaid; that Brooks drew nothing out of the new firm, but that Scobie drew out an amount stated, being a certain amount in excess of his capital, and of which amount a certain named sum was from Brooks' capital. And as a conclusion of law, that Brooks was entitled to recover said last named sum from Scobie, with interest thereon for the time stated, and the master reported the testimony by him taken.

A motion was made to set aside the master's findings and report, and grant a rehearing, for various reasons therein stated.

March 4, 1884, the same was overruled, and after allowing Scobie credit for one-half of two partnership debts he had paid, and for which each was equally liable, and deducting the same from the amount, with interest found by the master in favor of Brooks, the court confirmed the report as so modified, and rendered judgment for Brooks for the balance, with interest from the time to which the master had computed the interest, and that each party pay one-half the costs of the action.

On the same day notice of appeal was given by Scobie, which was perfected in time, and an additional bond given in this court.

The case is one of equitable cognizance purely, and upon the face of the pleadings the plaintiff was entitled to relief—to have an adjustment and settlement of the partnership account. This is not disputed. The contention is, that the appeal vacated, not only the judgment of the court, but the master's report as well. It is conceded that the judgment of the court was vacated or suspended, by the appeal, but denied that the appeal vacated the master's report. This is the question to be determined from the facts of the case and the law as we may find it to be.

In the case of Lawson v. Bissell, 7 O. S., 129, the Supreme Court held, that:

"An appeal from the common pleas to the district court vacates the report of the referees under the Code ; and the case stands for trial as if no reference had been made below." Judge Swan, in delivering the opinion of the court, says : "Whether the report of referees is vacated by an appeal is not settled by any provision of law. The Code must be construed on this question with a view to the laws in force relating to our system of practice." * * * "The referees are substituted for the court and jury; and their province is to decide the facts of the case, if the facts only are submitted; or both the facts and law of the case, if both are referred. Code, section 283. The trial before the referees is conducted in the same manner as a trial upon submission."

"When the reference is to report facts only, the report has the effect of a special verdict ; if the reference is of the facts and law, the facts and conclusions of law are stated separately, and the report *stands as the decision of the court ;* and judgment may be entered thereon as if the action had been tried by the court." * * * "It (the report) is a substitute for a trial in court. The finding of the facts is, in effect, the special verdict of a jury. The conclusions of law of the referees stand as the law decision of the court; and if not set aside, a judgment follows of course."

Under this section (283) of the old Code, the effect of the legislation as thus defined by the Supreme Court, was to make the referees report a part of the action of the court, and consequently, vacated by an appeal.

Under the Code as originally adopted, there was no provision for the trial of issues of fact in any case by a master commissioner; nor was there any authority to require a referee to reduce to writing and report the testimony to the court; but it was nevertheless true, that section 611, provided for the appointment of master commissioners. But there was no doubt but "that the several courts of the state, in cases in which neither party was entitled to a trial by jury, might, in accordance with the usages in courts of equity, have referred the case to a master for the purpose of stating an account, or ascertaining some other matter, ancillary to the determination of the cause by the court, with instructions to report the testimony, with his findings, to the court ; and in such case an appeal from the judgment rendered on such report would not vacate the report, but would bring it up to the appellate court for confirmation, modification, or vacation, as it stood in the court below. 1 O., 270. Such were the rules of practice under the Code previous to the passage of the supplemental act of April 13, 1867, S. & S., 579." 25 O. S., 410.

This supplemental act, by necessary implication, provided, that any case might be referred by the court in which such cause was pending, to a referee, master commissioner or special master commissioner *for trial ;* it further provided for taking testimony, reducing it to writing and reporting the same, with the findings, to the court, and declared the effect thereof, etc., "but nothing in this act shall be so construed as to prohibit any party from recalling any witness who may have testified, or from taking additional testimony."

On March 30, 1868, section 611 of the Code was amended, providing for the appointment of master commissioners, defining the office, etc., and providing : "That the court may, upon the motion of either of the parties, refer any action in which the parties are not entitled to demand a trial by jury, to a regular or special master commissioner, to take the testimony in writing and report the same to the court, with his conclusions on the law and facts involved *in the issues,* which report may be excepted to by the parties, and confirmed, modified, or set aside by the court, etc."

This legislation was conflicting, and the Supreme Court, in Bell v. Crawford, 25 O. S., 402, pointed out the conflict between the several acts. That is, under the two sections of the Code referred to, the functions of a referee and master were kept distinct ; the former was *to try the case,* the latter was *to take the testimony and report his conclusions on the law and facts ;* a duty merely ancillary to the office of the court in the trial or hearing of the case. While by the

supplemental act the court was by necessary implication, authorized to refer the cause either to a referee or master *for trial.* The court, in the case last referred to, works out the conclusion that *under this legislation,* where the "main issues" in the case are sent to a master for trial, his report *on these issues* is vacated by the appeal; but where the reference is "for the purpose of stating an account, or ascertaining some other matter, ancillary to the determination of the cause by the court, the report is not vacated by the appeal."

Such was the law prior to the revision of the statutes in 1880. Under that revision, section 5213, Revised Statutes, defines the office of referee, and is substantially the same as formerly, Code, section 283, except that the referee shall reduce the testimony to writing and cause the witnesses to subscribe the same.

Section 5222, Revised Statutes, provides: "The court, or a judge thereof in vacation, may, upon motion of a party, refer an action in which the parties are not entitled to a trial by jury, to a regular or special master commissioner, to take the testimony in writing, and report the same to the court, and therewith his conclusions on the law and facts involved in the issues, which report may be excepted to by the parties, and confirmed, modified, or set aside by the court."

The provisions of the supplemental act of 1867, were not reenacted, except in so far as they may be found in section 5267: "Testimony taken in an action or proceeding, on the order of a court, by a referee, master commissioner, or special master commissioner, subscribed by the witness, and reported to the court by the officer, may be used as a deposition in the case." That part thereof, before referred to, providing for the recalling of any witness who may have testified, and for the taking of additional testimony, and which had to be regarded in the decision in Bell v. Crawford, is not found in the section.

It appears clear, therefore, that under the present legislation, the court is not authorized to refer a cause for *trial* to a master commissioner, but that the office of a referee and a master is *kept distinct,* as it would have been formerly, but for the supplemental act of 1867. Under the present legislation, the master is authorized to take the testimony in writing, and report his conclusions of law and fact. This is but *ancillary* to the decision of the court, and is not vacated or suspended by the appeal. The report is *in aid* of the court, and goes up, on the appeal, with the rest of the case to be confirmed, modified, or set aside by the appellate court the same as by the court below.

It may be noted, that by the amendment of 1885, O. L., p. 31, Revised Statutes, 5225, even the report of a referee is now in certain cases not vacated by the appeal.

In the case under consideration the reference, as before stated, was to a master commissioner to "take the testimony in writing, in narrative form, upon the issues in the cause, and report the same to the court, and therewith his conclusions on the law and facts involved in said issues." This was done in the court below. The reference strictly followed the statute. A motion was made by defendant for a "rehearing," as called, and upon that motion the report of the master was in some respects modified, and in its modified form was confirmed, and a decree or judgment entered in accordance with the conclusions found by the master. The judgment of the court below modifying the report and entering the decree, is vacated by appeal, and is opened up for rehearing in this court; but, as we hold, the master's report stands here with the same force and effect as when it was filed in the court below.

Motion overruled.

D. K. Watson, for the motion.

Watson & Burr, contra.

(NOTE—This case was followed in Miller v. Gibson, tried at the March Term, 1886, of the Circuit Court of Scioto county, before Judges Cherrington, Bradbury and Clark, of the Fourth Circuit.)