Argued and submitted February 19, reversed and remanded
with instructions March 22, reconsideration denied April 29,
petition for review denied May 18, 1982 (293 Or 146)

# STATE OF OREGON,
*Appellant,*

*v.*

# CLIFFORD HUDSON, JR.,
*Respondent.*

## (No. CC-81-62, CA A22231)

642 P2d 331

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

.

## GILLETTE, P. J.

The state appeals, pursuant to ORS 138.060(3), from an order made prior to trial dismissing an indictment charging defendant with manslaughter in the second degree. The motion was made and granted on the ground that the victim died more than one year and one day after the accident which admittedly caused her death. The defendant argued, and the trial court accepted, the theory that Oregon follows the common law rule that a death must occur within one year and one day of the incident precipitating it in order to support a conviction for homicide. We reverse.

The rule at common law that a death was not a homicide unless it resulted within a year and a day from the time of the act which was alleged to have caused it appears to have been derived from the practical difficulty in proving, in less scientifically-advanced times, that an injury inflicted more than one year prior to a person's death was the proximate cause of the death. *See, e.g.,* Perkins, Criminal Law 28-29 (2d ed 1969); *see also,* Note, 19 Chi-Kent Law Review 181 (1941); Note, 65 Dickinson Law Review 166 (1961); *and see generally,* Annot., 60 ALR3d 1323 (1974). To the extent that this is the origin of the rule, it obviously has lost much of its justification through the advances of science.

The first question to be asked with respect to the rule is whether it has ever existed in Oregon. Although the answer is not entirely free from doubt, we conclude that it has. In *Bowen v. State,* 1 Or 270, 272, (1859), the Supreme Court noted:

"The other ground of error alleged is, that the time of the death is not sufficiently alleged in the indictment. The indictment alleges that on a day certain, Bowen inflicted on the deceased a mortal wound, of which he died, without alleging, in the usual form, that, languishing of such wound, he died on a particular day.

"The indictment was found within less than one year from the time the wound is alleged to have been given; and this finding by the grand jury of the death of the deceased, within less than one year from the giving of the wound, renders it certain, from the indictment, that *the death must have occurred within one year from the time the wound was inflicted, which we think is sufficient under our statute."* (Emphasis supplied.)

If the Supreme Court did not feel the rule applied in Oregon, there would have been no occasion to discuss the defendant's assignment of error in the manner in which it was discussed. Much later, in *State v. Kelley,* 118 Or 397, 411-12, 247 P (1926), a defendant argued that a homicide indictment was insufficient, because it did not allege that the decedent died within a year and a day from the time that the fatal shot was fired. The Supreme Court held that an allegation in the indictment that the defendant killed the victim on a certain date was a sufficient allegation that the victim had died on that date. Again, it does not appear to us that there would have been any justification for answering the assignment of error in this way unless the rule was regarded by the Supreme Court as applying in Oregon.[1] Our conclusion that the year and a day rule existed in Oregon brings us to the state's principle argument: that the rule was abrogated by the enactment of the homicide provisions of the Oregon Criminal Code of 1971.

The Oregon Criminal Code of 1971 was a comprehensive revision of Oregon criminal law. It did not derive its provisions concerning homicide from the common law but, rather, from the Model Penal Code and from New York law. Criminal Law Revision Commission, Proposed Oregon Criminal Code, Final Draft and Report (1970), commentary to § 88 (now ORS 163.115). The Model Penal Code does not follow the year and a day rule. American Law Institute, Model Penal Code and Commentaries, Commentary to § 210.1, at 9. *See also,* Annot., 60 ALR3d 1323, 1332 n 31 (1974) (listing Model Penal Code under those "jurisdiction abrogating or modifying rule"). Even more clearly, the rule has no place in the New York Penal Code, inasmuch as it was abrogated by the New York Court of Appeals in 1934. *People v. Brengard,* 265 NY 100, 191 NE 850 (1934). Thus, both statutory sources for the Oregon Criminal Code definition of homicide were based upon an assumption that the year and a day rule was no longer applicable.

In light of this legislative history, we find this case to be one in which it is particularly appropriate to apply the

---

[1] The statutory definition of murder in the first degree under which the defendants were charged in *Bowen* and *Kelley* had not changed from 1859 to 1926. *See* Deady Code, § 502 (1845-64); Olson's Oregon Laws, § 1893 (1920-27).

doctrine that "[i]n 'borrowing' a statute from another state the legislature is presumed to adopt the interpretation of that statute reached by the courts of the other state, absent any indication to the contrary." *State v. Sallinger,* 11 Or App 592, 504 P2d 1383 (1972). Pursuant to that rule, we hold that the year and a day rule is no longer applicable in Oregon.

Reversed and remanded with instructions to reinstate the indictment.