STATE OF OREGON, Respondent, *v.* JOHN C. WILSON, Appellant.

MOTION FOR NEW TRIAL—ORDER ON, NOT REVIEWABLE.—The denying of a motion for a new trial, based upon the insufficiency of the evidence to support the verdict, involves a question of fact resting on the sound discretion of the court below, and is not reviewable.

IDEM.—The judgment or order appealed from can only be reviewed as to questions of law appearing upon the transcript.

INDICTMENT—VARIANCE.—Where, in an indictment for larceny, the stolen property is alleged to be the property of A., proof showing it to be the partnership property of A. and B., is not sufficient to sustain the allegation, unless it appears from the evidence that such property was in the possession of and under the control of A., under some arrangement of the parties creating a special property in A.

APPEAL from Umatilla County.

John Wilson, the appellant, was indicted jointly with George Wilson for the larceny of a steer, alleged to be the property of one Waugh. They were tried separately, and found guilty as charged. A motion for a new trial, upon the grounds stated in the opinion of the court, was interposed and overruled by the court, whereupon this appeal was taken.

O

*Sterns & Lichtenthaler and J. H. Turner,* for appellant.

*L. B. Ison, Prosecuting Attorney,* for respondent.

By the Court, PRIM, C. J.:

Two grounds of error are presented by appellant upon which he relies for a reversal of the judgment: 1. The insufficiency of the evidence produced at the trial to support the verdict; 2. Error in the instructions of the court to the jury.

The first ground of error we do not regard as being a subject for review by this court, for the reason that it does not involve a question of law, but one purely of fact, which rested in the sound discretion of the court below. Section 245 of the criminal code provides that " upon an appeal, the judgment or order appealed from can only be reviewed as to questions of law appearing upon the transcript." Section 246 provides that " after hearing the appeal, the court must give judgment without regard to the decisions of questions which were in the discretion of the court below." But this cannot now be considered an open question in this state, as it has already been passed upon in several cases decided by this court. (*Bowen* v. *State,* 1 Or. 270; *State* v. *Fitzhugh,* 2 Or, 227.) But if it were reviewable, we do not think the court would be warranted in setting aside the verdict in this case, for the reason that it appears that there was considerable evidence tending to support it, and there being no statement in the bill of exceptions that it contains all the evidence, the court must presume that it was sufficient to sustain the verdict.

We will now pass to the consideration of the second ground of error, which is that the court erred in its instructions to the jury. The jury were instructed as follows: 1. " If you find that the property mentioned in the indictment was the property of a partnership embracing A. Waugh and William Leyden, then you should find the defendant not guilty. But if you find from the evidence that the property mentioned in the indictment was the property of a partnership, and that Waugh, the person named in the indictment

as owner, had a special charge of the goods, and that he is responsible to the company for the property, then the allegation of ownership in Waugh is sufficiently supported;" 2. "When property is stolen which belongs to a partnership, and it is alleged to belong to A., and the proof shows another is a partner or part owner with A. in said property, and it also appears that A., by the consent and agreement of the other partner or part owner, had the possession, control and management of the stolen property at the time of the larceny, such proof will sustain the allegation of property in A."

3. Where ownership is alleged in A., and the proof shows that another has some contingent interest therein, to become actual upon the happening of some event, which contingency or event has not yet happened, the ownership is properly alleged in A., because the interest of the other has not become real or actual.

These instructions we think contain a very fair statement of the propositions of law applicable to the case. The stolen property is alleged to be the property of A. Waugh, and under the rules of evidence, the proof must correspond with the allegations of the indictment or it cannot be sustained. This proposition is clearly announced in the former part of the first instruction.

The first and second instructions, when taken together, amount to this. If the jury find that the property stolen was partnership property they must acquit the defendant, unless they also find that the property at the time taken was in the possession of A. Waugh, under some arrangement between the parties, by which a special property was created in him.

The third instruction is unquestionably correct. But it is claimed by appellant that there was no evidence upon which such instructions could be based. To this we answer that it appears from the bill of exceptions, that there was some evidence tending to show such an arrangement, and if there was any, however slight, it was sufficient to warrant the instruction given. But on the other hand, if there were none, the court would have to presume such evi-

dence in the absence of a statement in the bill of exceptions, that it contains all the evidence.

Finding no error in the record by which appellant has been injured in a substantial right, the judgment must be affirmed.