Argued December 5, 1966, reversed and remanded
January 25, 1967

# JESSE DAIL LAWSON *v.* GLADDEN

422 P. 2d 681

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*David H. Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

GOODWIN, J.

This is a petition for postconviction relief under ORS 138.510 to 138.680. The prisoner is serving a sentence imposed in 1947 upon his plea of guilty to an information charging second-degree murder. His petition raises substantial questions concerning the validity of his waiver of counsel.

The fragmentary record indicates that on April 17, 1947, the prisoner was pulled off a badly beaten man upon whose body he was then committing an act of sodomy in the presence of four witnesses. The man from whom the prisoner was removed was at that time either dead or dying. In any event, the prisoner was arrested and charged with first-degree murder. The prisoner was drunk when arrested. He has sworn at all times that he has no memory of the episode. The prisoner was held in jail until April 24, 1947, when he appeared in court to waive indictment, plead guilty, and be sentenced. At that time, he was advised that he could have an attorney if he wanted one, but not that an attorney would be furnished at public expense. He said he wanted neither an attorney nor a trial, but that he wanted to plead guilty to second-degree murder.

The plea was received and the circuit court promptly imposed sentence.

During the week between the prisoner's arrest and his first and only appearance in court, he saw no one but police officers. The officers explained to him that Oregon law provided for and, when the jury saw fit, exacted the death penalty for first-degree murder. This is the only advice the prisoner received from anyone before he entered his plea.

The then district attorney of the county testified at the postconviction hearing that without his knowledge or consent the prisoner had made a bargain with a police officer to go into court, "waive everything," and plead guilty to second-degree murder.

A written memorandum prepared by the officer at the time of the sentencing noted: "* * * [the prisoner] finally stated that although he was unable to remember any of the felonious acts leading to his arrest it was his desire to plead guilty to second degree murder which he did April 24, 1947 * * *." It is clear from the record that the prisoner's motive for pleading guilty to second-degree murder was to avoid the possibility that a jury might regard his behavior as deserving of the death penalty.

■ The former district attorney testified that neither the district attorney nor the sentencing judge inquired into the facts of the case or advised the prisoner concerning any matter except his right to an attorney if he wanted one. He was not told that he could have an attorney at public expense if he was unable to employ one, nor was he asked whether he could afford to employ an attorney. We find nothing in the record to show that the prisoner, with full knowledge of his right to a court-appointed attorney, knowingly relin-

quished that right. Thus, the case at bar is unlike *Ortega v. Williard,* 245 Or 331, 421 P2d 966 (1966), in which the court advised the prisoner specifically of his right to counsel at public expense. For all the record in this case shows, the prisoner was wholly ignorant of his right to the assistance of counsel at public expense, and was equally ignorant of the various possibilities which independent counsel could have explained to him. As pointed out in the concurring opinion of Mr. Justice O'CONNELL in *Tucker v. Gladden,* 245 Or 109, 420 P2d 625, 627 (1966), it would be sound practice to appoint counsel in every case when a criminal defendant is unrepresented by retained counsel.

■ Under these circumstances, we must hold that the trial court's findings of an intelligent waiver are not supported by evidence.

The cause is remanded to the circuit court for the county of original conviction for such further proceedings as may be appropriate.

Reversed and remanded.