Argued February 2, reversed and remanded March 1, 1967

## JAMES PARKER DOANE, Jr., *Appellant, v.* GLADDEN, *Respondent.*

424 P. 2d 234

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Lawrence A. Aschenbrenner, Public Defender, Salem.

*David Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER,

SLOAN, O'CONNELL, GOODWIN, DENECKE and FORT, Justices.

## SLOAN, J.

In October, 1955 petitioner Doane entered a plea of guilty to the charge of contributing to the delinquency of a minor. The crime charged was a sexual offense against a child. Thereafter, because of previous convictions for similar crimes, he received a life sentence. In this post conviction proceeding he alleged that he is unlawfully confined because he did not knowingly waive his right to counsel when he entered the plea of guilty and was sentenced. The trial court dismissed his petition. Doane appeals. The judgment must be reversed.

Doane was originally arrested on the charge on October 3, 1955, by police officers in Marion county. The record relating to what transpired following his arrest is not clear. Within a day or so following his arrest he was apparently subjected to a hearing before the circuit court for Marion county to determine if he should be committed to the state hospital. He was not committed. There is nothing in the record concerning this hearing; why it was thought necessary or by what process it was conducted. The post conviction record contains vague references to this hearing. Doane testified that an officer took him to some room in the courthouse where he was questioned by one or more psychiatrists and a judge. The post conviction court made a finding that it was a commitment hearing to test his sanity.

On October 7, 1955, he appeared before the circuit court for Polk county, where the alleged crime for which he was charged had been committed. He waived

the right to have grand jury consideration. When asked by the court, on that day, if he desired an attorney he asked for time to decide. He was not informed of his right to counsel at public expense. He was told the crime was a serious one but nothing else. No one told the court that a commitment hearing had been held and, of course, no one was there to advise Doane of the significance of such a hearing. A few days later he appeared before the same circuit judge and stated that he did not want counsel and entered a plea of guilty. If all of the background had been presented to the court, it seems doubtful that the plea would have been accepted. The court then ordered him to the state hospital for psychiatric examination.

On November 8, 1955, he again appeared before the circuit court. He acknowledged that he had received a copy of the report of the results of the psychiatric examination. The circuit judge advised him that he was entitled to a hearing before sentence was imposed and that he had a right to have the examining psychiatrist brought before the court for questioning by Doane. It appears from the record that Doane was incapable of understanding the cursory offer for a hearing made by the court. It is more apparent that he could not have conducted a hearing in his own behalf. Doane told the court he did not want a hearing. The purpose of a hearing was not mentioned to him.

The court then inquired as to Doane's criminal record. That record included the prior convictions of like sexual offenses committed against juveniles. The court then imposed the life sentence. Until this sentence was spoken, Doane was not told and would have had no way of knowing that a life sentence could be imposed.

It appears that the sentence was imposed because

of the demands of ORS 167.050 as it had been amended by Section 7, ch 636 of Oregon Laws, 1955. The 1955 amendment required a life sentence for one who had been previously convicted of contributing to the delinquency of a minor or for other specified crimes of similar character. The statutory basis for the sentence, however, is not clear.

The trial court record of the post conviction hearing reveals some doubt as to whether Doane had been given a life sentence pursuant to ORS 167.050, as it was amended in 1955, or if the sentence was imposed because of ORS 167.045. At the post conviction hearing, court, counsel and witnesses had difficulty deciding which statute was applicable when Doane was sentenced.

The totality of the facts and the several hearings in which Doane attempted to represent himself are significant because they demonstrate the legal complications which Doane must be deemed to have readily understood when he is said to have knowingly waived the right to counsel. All told, Doane was lead through a maze of legal procedures that few, if any, non-lawyers could understand. He was not effectively advised of his need or right to counsel before he entered the plea of guilty. He could not have understandingly waived it. The advice Doane received relative to his right to an attorney was no more than that given in *Lawson v. Gladden,* 1967, 245 Or 492, 422 P2d 681. The case should have been returned to the circuit court for Polk county for further proceedings. It is so ordered.