Argued November 2, 1967, reversed and remanded
January 31, 1968

LEONARD ELLSWORTH MILLER, *Appellant,*
*v.* GLADDEN, *Respondent.*

437 P. 2d 119

*John Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

*David H. Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## HOLMAN, J.

Petitioner appeals from the denial of his application for post-conviction relief. He was convicted of the crime of kidnapping, on a plea of guilty without benefit of counsel. The question presented is whether the petitioner knowingly waived his right to be represented by counsel.

The transcript of his arraignment and sentence,

which took place at the same court appearance, shows that the only mention of counsel was the following:

"THE COURT: Are you represented by an Attorney?

"THE DEFENDANT: No. I would like to get this out of the way as quickly as possible."

At the hearing on his application for post-conviction relief, petitioner, who was the only witness, testified that he had not been aware, during his court appearance, of his right to have an attorney appointed. There was no evidence to show the contrary. Upon cross-examination he testified he had been convicted, upon pleas of guilty, of three felonies prior to the conviction herein. He stated, however, that in one he had hired his own lawyer and in the others he did not remember having been informed of his right to the appointment of an attorney during the course of those proceedings.

██ If what transpired in the sentencing court amounted to a statement by petitioner that he did not want to be represented by counsel, which is extremely doubtful, to constitute a valid waiver it must have been done with the knowledge that he had a right to be represented by a court-appointed lawyer, *Johnson v. Zerbst,* 304 US 458, 464, 58 S Ct 1019, 82 L ed 1461, 146 ALR 357 (1938). He was not informed that he had that right. Nor is there any evidence of petitioner's background and experience from which it can be inferred that he had independent knowledge of his right to counsel. See *Johnson v. Zerbst, supra.* The mere fact of three previous convictions on pleas of guilty, with nothing more, is not sufficient to raise the inference.

██ ORS 138.620(2) provides that petitioner has the burden of proof in proving the allegations of his petition. *Bloor v. Gladden,* 227 Or 600, 603, 363 P2d 57

(1961). Petitioner met the burden by introducing the transcript of the proceedings in the sentencing court, which showed that he was not advised of his right to counsel and by testifying that he had no knowledge of it. It would be virtually impossible for the defendant to prove he did not have independent knowledge other than by saying so, which he did. A valid waiver, which requires knowledge, is never presumed from a silent record in the sentencing court, *Carnley v. Cochran,* 369 US 506, 516, 82 S Ct 884, 8 L ed2d 70 (1962). Otherwise, there would be no object in requiring that an accused be informed of his rights. If a knowing waiver is not shown by the court's records, and petitioner testifies he had no knowledge of his right to be represented, the burden is upon the state to prove circumstances from which the post-conviction trial judge can and is willing to infer that petitioner had knowledge of this right. This the state did not do. This case falls within the holdings of *Doane v. Gladden,* 246 Or 183, 424 P2d 234 (1967) and *Lawson v. Gladden,* 245 Or 492, 422 P2d 681 (1967), where the transcripts of the arraignments failed to show that petitioners were advised of their right to appointed counsel at government expense, and there was no evidence in the post-conviction proceedings that petitioners had any independent knowledge thereof.

The judgment of the trial court is reversed and petitioner's conviction is set aside. The cause is remanded to the post-conviction trial court for the issuance of an order directing that petitioner be transferred to the Sheriff of Umatilla County for such further proceedings as may be appropriate in the circuit court for that county.