Argued January 3, affirmed April 10, 1968

KAY KERMIT MANSFIELD, *Appellant, v.*
GLADDEN, *Respondent.*

439 P. 2d 611

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*David H. Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Petitioner appeals from the denial of his application for post-conviction relief. He was convicted of and sentenced for the crimes of rape, attempted rape and burglary on pleas of guilty without counsel being present. All pleas were entered at the same time. The questions presented are whether petitioner knowingly waived his right to have counsel present and representing him at the time of his plea and sentence, and whether he was coerced into pleading guilty.

The following is a recapitulation of petitioner's testimony upon behalf of his petition for relief. He was arrested on September 6, 1952, and threatened by

the police with bodily harm if he did not plead guilty. He was kept in a room without light for three or four days and told he could not call an attorney until the police were ready to let him. After about seven days they let him call an attorney, Mr. Steelhammer, who agreed to help him and who took notes and talked to him for about an hour. The next day they took him out of jail for a preliminary hearing which was never held. About two days later he was taken before the sentencing judge where he pleaded guilty. He saw Mr. Steelhammer again the day before he entered his plea. He told his attorney that he was not guilty but his attorney told him to plead guilty anyway. His attorney promised to be present at the time of the plea but was not there and petitioner asked for a continuance, which request the judge ignored. The first time he knew he was charged with three crimes instead of one was when he pleaded guilty and he did not know, nor was he told, that he had a right to a court-appointed attorney, what acts constituted guilt, the maximum penalties that could be inflicted, his possible defenses, or his right to introduce evidence in mitigation of his offenses.

Petitioner had twice previously been convicted of felonies after a jury trial where he was represented by retained counsel. He was 47 years of age and had a seventh grade education. He makes no contention that the attorney with whom he consulted was incompetent.

The court record shows that petitioner pleaded guilty on September 10, four days after his arrest. A docket memorandum which recited in part as follows was in each file over the typed signature of the judge:

"... The defendant appearing in open court in person without counsel, and upon being fully

informed by the court of his right to have counsel, defendant stated that he had consulted with and been advised by John F. Steelhammer, Attorney at Law, concerning this charge and that he, Kay Kermit Mansfield, desired to proceed at this time without counsel."

The judge who presided over the cases testified that Mr. Steelhammer told him in chambers that he had consulted with petitioner and advised him to plead guilty. The judge also testified that petitioner did not tell him that Mr. Steelhammer had promised to be present at the plea nor did he recall petitioner telling him that he wished a continuance so that his lawyer could be present. The judge recognized the docket memoranda and refreshed his memory from it.

██ While there is no transcript, the court's memoranda is part of the record and it evidences that petitioner secured the services of an attorney with whom he consulted and who advised him concerning the charges in question. It was also evidence that indicated petitioner was satisfied with the advice he received and that he knowingly waived the services of a court-appointed attorney at the time of his plea and sentence. Where a person charged with crime represents to the court that he had been advised by his attorney concerning his rights and does not wish to be represented further, it can be inferred that he had knowledge of those things which are necessary to a knowing waiver of further representation.

██ This is not a situation where petitioner was without the services of an attorney and where there is a silent record concerning petitioner's knowledge of his rights as was the case in *Miller v. Gladden,* 249 Or 51, 437 P2d 119 (1968) ; *Doane v. Gladden,* 246 Or 183, 424 P2d 234 (1967) ; *Lawson v. Gladden,* 245 Or 492,

422 P2d 681 (1967). Where petitioner proves that the court record shows he was without the services of an attorney and the record is silent concerning anything from which a knowing waiver can be inferred, he has successfully shouldered his burden and it is the duty of the state to prove that he knowingly waived representation by counsel. *Miller v. Gladden, supra* at 121. Where the record is not silent, as is the case here, petitioner has the burden of proving that he was deprived of his constitutional right of an opportunity to be represented by counsel. *Bloor v. Gladden,* 227 Or 600, 603, 363 P2d 57 (1961). It is our opinion that the trial court was correct in deciding that petitioner failed to carry this burden.

■ Petitioner also has the burden of proving that his pleas were coerced by the treatment he received from the police and the judge. His own testimony relative to his date of arrest and the court record of the date of his pleas show that he was in custody only four days prior to entering them. His testimony of 10 days of abuse is obviously false. Portions of his testimony are contradictory. The judge's testimony refuted petitioner's testimony of the manner in which he was treated in court. His contentions are an obvious attempt to take advantage of the lack of a transcript and the passage of time. His story is patently unbelievable and the trial court was correct in determining that he failed to carry the burden of proof that he was coerced.

The judgment of the trial court is affirmed.