Argued March 4, affirmed September 10, 1969

McDONALD, *Appellant, v.* CUPP, *Respondent.*

458 P2d 427

*Kenneth C. Hadley*, Deputy Public Defender, Salem, argued the cause and filed a brief for appellant.

*Helen B. Kalil*, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Robert Y. Thornton, Attorney General.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE, and LANGTRY,* Justices.

McALLISTER, J.

The petitioner Rolland J. McDonald appeals from the judgment of the trial court dismissing his petition for relief under the Post-Conviction Hearing Act.[1]

It appears from his petition that McDonald was convicted of burglary by a jury in Multnomah County and was sentenced on October 5, 1964, to ten years in the penitentiary. Thereafter the district attorney filed an information alleging that petitioner had been convicted of four prior felonies. The court after a hearing found that petitioner had been previously convicted of burglary in Multnomah County in 1955. The court thereupon set aside the ten-year sentence imposed on October 5, 1964, and imposed an enhanced penalty of 20 years.

In this proceeding, petitioner alleges that his 1955 conviction was void because it was based on an involuntary confession and that consequently the enhanced penalty imposed for the 1964 burglary was void.

---

* Langtry, J., did not participate in the decision of this case.
[1] ORS 138.510–138.680.

On January 10, 1955, at about 10:00 p.m. petitioner was arrested in Portland for a traffic violation because he backed his truck into an intersection. He was not given a citation, but was placed under arrest. The arresting officer testified that after he arrested petitioner he observed that petitioner fit the description of a man suspected of committing one or more burglaries in Portland earlier that evening and also suspected of committing several hundred burglaries in the city during the preceding three years. Petitioner was taken to the police station where he was interrogated that evening for two or three hours about the burglaries.

The following morning petitioner was taken to the Municipal Court where he pleaded not guilty to a charge of reckless driving, was found guilty and was sentenced to 30 days in jail. That night petitioner was interrogated again about the burglaries and at about 11:00 p.m. signed a statement confessing to the burglary of a dwelling on January 10, 1955. The questioning on January eleventh extended for three or four hours, including time consumed by a trip to the scene of the admitted burglary where petitioner pointed out where he had discarded some of the tools used in the crime.

Petitioner alleged that he was not advised at any time before or during his questioning of his right to remain silent or to an attorney. He further alleged that his confession was not voluntary but was "extracted as a result of promises and coercion." He alleged that he was promised a three-year sentence instead of the five-year sentence which was imposed.

No coercive acts were mentioned in the petition, but as a witness, petitioner testified that the police

"took my chair and made me sit on the floor and kicked my feet." He also testified that the police promised to prosecute him only for the most recent burglary and not for the many other burglaries to which he also confessed. He further testified that he was not permitted to telephone to his mother.

When petitioner entered a plea of guilty to the 1955 burglary he was represented by an attorney. Petitioner claims, however, that the police procured the lawyer to represent him, that petitioner saw his lawyer for only a short time before the plea and that the lawyer was of no help to him. The lawyer had died before the hearing in this proceeding.

All three of the officers who participated in questioning petitioner testified in the trial court and flatly contradicted petitioner's claims of promises of leniency and of coercion. They did admit that defendant was not advised of his right to remain silent. We assume that defendant was not advised of his right to counsel, although the trial court erroneously precluded testimony on that point. The officers were adamant that petitioner's admissions were entirely voluntary.

■ Since the conviction which petitioner attacks in this proceeding occurred in 1955, neither *Escobedo*[2] nor *Miranda*[3] are applicable except as the rules announced therein bear on the general question of voluntariness. *Davis v. North Carolina,* 384 US 737, 86 S Ct 1761, 16 L ed 2d 895, 898 (1966). This case turns, then, on whether petitioner's plea of guilty was voluntary or was coerced by an involuntary confession. The answer depends entirely on the credibility of the wit-

---

[2] Escobedo v. Illinois, 378 US 478, 84 S Ct 1758, 12 L ed 2d 977 (1964).

[3] Miranda v. State of Arizona, 384 US 436, 86 S Ct 1602, 16 L ed 2d 694, 10 ALR3d 974 (1966).

nesses and the weight to be given their testimony. The trial court decided the factual questions adversely to petitioner. The court found as follows:

"III

"That petitioner's written confession and oral admissions prior to his entry of his plea of guilty in the 1955 conviction were freely and voluntarily given to the police officers, and were not the result of threats, promises or coercion by the police, or by anyone else.

"IV

"That prior to and at the time of the entry of petitioner's plea of guilty, petitioner was represented by an attorney of his own choice and which attorney was paid by petitioner.

"V

"That petitioner's plea of guilty was knowingly, freely and voluntarily given and was not tainted or induced by the previous admissions or convictions".

■ We are precluded from trying the case de novo. As we said in *Miotke v. Gladden*, 250 Or 466, 443 P2d 617, 618-619 (1968):

"* * * We could reverse only if we found as a matter of law from all the circumstances, including the facts as found by the trial court, that there had been a substantial denial of petitioner's rights under the Constitution of the United States or the Constitution of the State of Oregon, or both, which rendered the conviction void. * * *"

See, also, *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968).

■ Since the trial court applied "constitutionally acceptable standards"[⊗] in making its findings, the judgment is affirmed.

---

[⊗] Miotke v. Gladden, supra, 443 P2d at 618.