Argued June 21, reversed and remanded with instructions
August 26, petition for rehearing denied September 17,
1971, petition for review denied January 4, 1972

FLOYD WARREN HARRIS, *Appellant, v.*
CUPP, *Respondent.*

487 P2d 1402

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an appeal by petitioner from a judgment in which the trial court dismissed the post-conviction petition and denied relief.

Petitioner received a four-year sentence in 1968 on a charge of being an ex-convict in possession of a firearm, based on a 1951 federal court guilty plea conviction of theft from interstate shipment.[1] Petitioner claims the 1951 conviction was invalid because he was not advised of his right to court-appointed counsel *at public expense.*

The petitioner testified in the post-conviction trial that neither the U. S. attorney nor the court had informed him of his right to court-appointed counsel, that is, "free"[2] counsel. The only other evidence in the record in this connection is the judgment roll from petitioner's 1951 conviction which recited that peti-

---

[1] The state has briefed and argued this case solely on the merits. Thus, we have had no occasion to decide when it is appropriate to collaterally review criminal convictions from sister states and the federal courts. We note that the federal courts at least impose the requirement that any available remedies in the jurisdiction that imposed the conviction be exhausted before they will collaterally review it. See 28 USCA § 2254(b) (1971).

[2] Because there was no provision for payment of attorneys appointed by federal courts for indigent defendants in 1951, their services were not at public expense. Their services were, however, without cost to the defendant.

tioner appeared "* * * in person, and without counsel.", and a minute entry of the arraignment in the 1951 conviction which recited:

> "* * * The court advised defendant of his right to counsel at all stages of the proceedings and the defendant declined the services of counsel. * * *"

Defendant warden contends that the record is not silent regarding waiver of counsel at the 1951 guilty plea proceedings and we agree. The question, however, is whether petitioner was advised or knew that he had a right to free counsel. Petitioner claims the court said nothing at all to him concerning representation by an attorney and "if a lawyer had been offered, I would have accepted him." The defendant claims that there is an inference from the above quoted documents that the right to counsel would be at public expense, although not specifically mentioned in the record of proceedings.

In *Schram v. Cupp*, 436 F2d 692, 693 (9th Cir 1970), a habeas corpus proceeding, a prior Oregon state court conviction in 1952 had been relied upon to support an enhanced penalty in a 1964 Oregon recidivist proceeding. The judgment roll of the 1952 proceeding said in pertinent part:

> "The defendant having been advised by the Court of his right to be represented by counsel, and the defendant having stated that he did not desire counsel * * *."

Nothing in the judgment roll indicated that Schram was advised specifically that he had a right to counsel at public expense. There the court held that Schram could not be held to have intelligently and understandingly waived his right to counsel when he was not told reasonably contemporaneously that he had "a right to

free counsel." The court said this was so even though there was proof that Schram had asked for and received court-appointed "free" counsel in a different case in a different Oregon county four years before his 1952 plea.

In the present case there is nothing in the record to show that the then 21-year-old petitioner, in the 1951 proceeding, was advised or knew of his right to counsel at public expense and the petitioner denied knowing or having received such advice. Our Supreme Court said in *Miller v. Gladden*, 249 Or 51, 54, 437 P2d 119 (1968):

> "* * * A valid waiver, which requires knowledge, is never presumed from a silent record in the sentencing court, *Carnley v. Cochran*, 369 US 506, 516, 82 S Ct 884, 8 L ed2d 70 (1962). Otherwise, there would be no object in requiring that an accused be informed of his rights. If a knowing waiver is not shown by the court's records, and petitioner testifies he had no knowledge of his right to be represented, the burden is upon the state to prove circumstances from which the post-conviction trial judge can and is willing to infer that petitioner had knowledge of this right. This the state did not do. This case falls within the holdings of *Doane v. Gladden*, 246 Or 183, 424 P2d 234 (1967), and *Lawson v. Gladden*, 245 Or 492, 422 P2d 681 (1967), where the transcripts of the arraignments failed to show that petitioners were advised of their right to appointed counsel at government expense, and there was no evidence in the post-conviction proceedings that petitioners had any independent knowledge thereof."

In view of the failure of the state to meet its burden of showing the communication to petitioner of the right to "free" counsel or his independent knowledge

thereof, the judgment of the post-conviction court is reversed and petitioner's conviction is set aside.

Reversed and remanded with instructions to the post-conviction court to allow the petition.