Argued September 27, affirmed November 5, petition for rehearing
denied December 7, 1971, petition for review denied
January 25, 1972

## CHARLES MONROE FERREN, *Appellant, v.*
## CUPP, *Respondent.*

490 P2d 208

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

This post-conviction proceeding challenges the validity of a guilty plea entered by the defendant to the charge of assault with a dangerous weapon. Following an evidentiary hearing the trial court found:

"1. Petitioner entered his plea of guilty with knowledge of his constitutional rights to a jury trial to confrontation and compulsory process, and knew the nature of the charge to which he entered a plea of guilty.

"2. Petitioner entered a plea of guilty knowing that he could receive up to five years' imprisonment. That is the sentence that he received."

The court concluded:

"1. The fact that a guilty plea was knowingly entered may be proved by facts outside the trial court record and transcript of proceedings.

"2. Petitioner's plea of guilty was understandingly and voluntarily entered.

"3. None of petitioner's constitutional rights were denied him."

The petitioner appeals from the resulting order dismissing his petition.

The chief contention made in this appeal is that the trial court erred in considering any evidence other than the transcript of the sentencing court, because the validity of the entry of a guilty plea should be determined from the transcript of that proceeding only. He relies on *Boykin v. Alabama*, 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969). The plea of guilty

in this case was entered about a month after that case was decided.

We set out the record of the petitioner's guilty plea:

"THE COURT: Mr. Young [defendant's attorney], does Mr. Ferren wish additional time in which to enter a plea?

"MR. YOUNG: No, Your Honor.

"THE COURT: He is prepared to enter a plea at this time.

"MR. YOUNG: I believe so.

"THE COURT: Is that correct?

"THE DEFENDANT: Yes.

"THE COURT: How do you plead to this charge of Assault With A Dangerous Weapon, guilty or not guilty?

"THE DEFENDANT: Guilty, Your Honor.

"THE COURT: Do you understand you have the right to plead not guilty, if you wish?

"THE DEFENDANT: Yes, I do.

"THE COURT: And should you plead not guilty, you would have the right to have a Court trial or a Jury trial?

"THE DEFENDANT: Yes, I do.

"THE COURT: And you specifically wish to waive those rights?

"THE DEFENDANT: Yes, I do.

"THE COURT: You realize by pleading guilty, you are saying to the Court, in effect, that I did assault Michelle Harris and I did shoot her with the weapon described in the Information.

"THE DEFENDANT: Yes, I do.

"THE COURT: And you admit all of this?

"THE DEFENDANT: Yes.

"THE COURT: And you realize this is a felony?

"THE DEFENDANT: Yes, I do.

"THE COURT: And felonies often call for time in the penitentiary?

"THE DEFENDANT: Yes.

"THE COURT: And knowing all these facts, you wish to plead guilty?

"THE DEFENDANT: Yes, I do, Your Honor.

"THE COURT: And you have discussed the matter with your attorney?

"THE DEFENDANT: Yes, I have.

"THE COURT: There is no question in your mind about this matter at this time?

"THE DEFENDANT: No, Your Honor.

"THE COURT: The Court will accept your plea of guilty."

At the post-conviction hearing the defendant objected to the receipt of any testimony other than the transcript of the sentencing court. That objection was overruled. Testimony was then taken. It showed that defendant knew from his own attorney that he could receive a sentence of five years. That is what the court imposed. He also knew he could call witnesses in his own behalf if he elected to be tried, and he knew that he could not be required to testify himself.

In *Boykin* the court stated:

"* * * In Carnley v. Cochran, 369 U.S. 506, 516 [82 S Ct 884, 8 L Ed 2d 70, 77], we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: 'Presuming waiver from a silent record is impermissible. The record must show, *or there must be an allegation and evidence which show,* that an accused was offered

counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'

"We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. * * *" (Emphasis supplied.) 395 US at 242.

In *Schram v. Gladden,* 250 Or 603, 606, 444 P2d 6 (1968), the Oregon Supreme Court, referring to *Carnley,* said:

"* * * This statement of the Supreme Court of the United States discloses that a waiver of counsel may be established in two ways, either by the trial court record or by proof dehors the record. * * *"

We can find nothing in *Boykin* which, in a post-conviction proceeding challenging the voluntariness of a guilty plea, compels the conclusion that the taking of testimony relating to that question is prohibited. On the contrary, we think it encourages it in an appropriate case.

We have reviewed the transcripts of both the post-conviction proceeding and the original entry of plea proceeding. Together they show that the constitutional standards of *Boykin* were more than met. The record amply supports the judgment of the trial court.

The judgment is affirmed.