Argued and submitted November 21, 1979,
reversed and remanded with instructions January 21, 1980

DONALD GENE BOAG,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(No. 38-305, CA 11235)

605 P2d 304

Michael J. McElligott, Hillsboro, argued the cause and filed a reply brief for appellant. Donald Gene Boag filed appellants brief in propria persona.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and W. Benny Won, Assistant Attorney General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

Petitioner appeals from an order denying post-conviction relief. Petitioner had pled guilty to driving while under the influence of intoxicants. This being his second such offense within five years, he was convicted and sentenced for committing a traffic crime. ORS 484.365. Petitioner's chief contention is that he did not knowingly, intelligently, and voluntarily enter his plea of guilty.[1]

In a post-conviction proceeding, the burden is generally upon the petitioner to prove the allegations of his petition by a preponderance of the evidence. ORS 138.620(2). A waiver of constitutional rights is presumed to be involuntary. Therefore, if the record of the court of conviction is silent, a valid waiver of constitutional rights will not be found from it alone. The state must prove either a valid waiver or that petitioner had knowledge of his rights. *Heuer v. Cupp,* 23 Or App 592, 593, 543 P2d 45 (1975). Thus, where the validity of a guilty plea is attacked in a post-conviction proceeding, it must be shown that the defendant knowingly waived his rights to trial by jury and confrontation of witnesses, and his privilege against self-incrimination. *Boykin v. Alabama,* 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969). *See Raisley v. Sullivan,* 8 Or App 332, 335, 493 P2d 745 *rev den* (1972); *Ferren v. Cupp,* 7 Or App 353, 490 P2d 208 (1971) *rev den* (1972).[2]

The transcript of the petitioner's guilty plea, entered into evidence in the post-conviction hearing, reveals the following colloquy between petitioner and the conviction court:

> COURT: "Mr. Boag, according to my docket this also comes on by way of the plea. You have previously entered a plea of not guilty and in a response to a

---

[1] Due to our resolution of this issue, we need not reach petitioner's other assignments of error.

[2] *Cf.* ORS 135.385.

letter that I received from you, I have it set down for today, I understand you wish to change your plea.

PETITIONER: "Yes, your honor.

COURT: "I take it that you want to change your plea to guilty, is it that not —

PETITIONER: "Correct.

COURT: "Very well. Before I enter that plea I would want you to make sure that you understand that you would be waiving your right to require the State to prove you guilty.

PETITIONER: "I understand, your honor.

COURT: "Very well. In fact, you waive almost all your rights. About the only right you won't be waiving is your right to appeal the sentence that I impose and that would not be disturbed on appeal unless the court felt that the sentence that I imposed was cruel and inhuman.

PETITIONER: "I understand.

COURT: "Understanding all that, do you still wish to change your plea?

PETITIONER: "Yes.

COURT: "Alright, I will enter a plea of guilty for you. * * *"

It is apparent from this record that petitioner was not informed of his rights prior to pleading guilty. Moreover, there was no evidence to show that petitioner otherwise knew what rights he waived by his guilty plea. The state failed to carry its burden of proving that petitioner's plea was voluntarily, knowingly, and intelligently made.

Reversed and remanded with instructions to the post-conviction court to allow the petition.