Argued and submitted December 12, 1983, affirmed March 14, reconsideration denied
June 15, petition for review allowed July 3, 1984 (297 Or 458)
See 299 Or 252 (1985)

RUYE STELTS,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(C 83-01-30170; CA A28588)

677 P2d 1106

Roger Hennagin, Lake Oswego, argued the cause and filed the brief for appellant.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner appeals from an order denying him post-conviction relief. He contends that his guilty plea should be set aside, because he did not knowingly waive his right of confrontation. We hold that he did not validly waive this right but, because he did not demonstrate that he suffered any prejudice, he is not entitled to post-conviction relief. Accordingly, we affirm.

In June, 1979, petitioner pled guilty to driving under the influence of intoxicants. At the time of the hearing on the plea, the court advised him of his right to be represented by counsel, his right to a jury trial, his right to remain silent and that "no one can compel you to say anything."[1] Petitioner indicated that he understood each of those rights. He was not advised of his right to confront and cross-examine witnesses.

In 1983, petitioner sought post-conviction relief on the ground that he did not knowingly and voluntarily waive his confrontation right. At the post-conviction hearing, he testified that, at the time of his plea, he did not understand much of what was happening, but that he answered "yes" to all the questions asked by the court because he wanted to get the matter resolved. On cross-examination by the state, he stated that he had once been a witness for the prosecution in a criminal case and that he had seen court proceedings dramatized on "Perry Mason" and "Your Day in Court."

The post-conviction court found that petitioner had knowingly and voluntarily waived those rights given him by the court and that he had independent knowledge of his right to confront witnesses. The court concluded that petitioner had not carried his burden to show that his guilty plea was involuntary. This appeal followed.

Petitioner contends that the post-conviction court erred by allocating the burden of proof to him, rather than to the state, and by finding that he was cognizant of all his rights before entering his plea. We turn first to the burden of proof issue.

---

[1] Petitioner also contends that the record is silent as to his privilege against self-incrimination. Although the court's expression was not a model of clarity, we find it sufficient to apprise defendant of this right.

ORS 138.620(2) provides that, in post-conviction proceedings, "the burden of proof of facts alleged in the petition shall be upon the petitioner." Petitioner, citing *Boag v. State of Oregon,* 44 Or App 99, 605 P2d 304 (1980), and *Heuer v. Cupp,* 23 Or App 592, 543 P2d 45 (1975), argues, however, that, when the record is silent as to the waiver of a constitutional right, this court has placed the burden of proof on the state, contrary to the statutory allocation. In support of this proposition, he points to the following language in *Boag:*

> "In a post-conviction proceeding, the burden is generally upon the petitioner to prove the allegations of his petition by a preponderance of the evidence. 138.620(2). A waiver of constitutional rights is presumed to be involuntary. Therefore, if the record of the court of conviction is silent, a valid waiver of constitutional rights will not be found from it alone. The state must prove either a valid waiver or that petitioner had knowledge of his rights. *Heuer v. Cupp,* 23 Or App 592, 593, 543 P2d 45 (1975)." 44 Or App at 101.

Admittedly that language is susceptible to the interpretation urged by petitioner, but an examination of the cases relied on in *Boag* and *Heuer* establishes that such an interpretation is erroneous. The statutory burden of proof to establish the facts alleged in the petition is always on the petitioner. However, he meets this burden introducing the transcript of the proceedings in the court of conviction showing that he was not advised of a constitutional right and by testifying that he had no independent knowledge of it. *Miller v. Gladden,* 249 Or 51, 437 P2d 119 (1968). At that point, the burden of persuasion shifts to the state, which must then offer evidence that the waiver was knowing and voluntary in order to prevail. *Boag* and *Heuer* do not set forth a rule abrogating the burden of proof provided in ORS 138.620(2); they merely describe the shifting of the burden of persuasion to the state after petitioner has made a prima facie case. The post-conviction court correctly placed the burden of proof on petitioner.

However, the question remains whether the post-conviction court was correct in concluding that petitioner did not meet his burden of proof. Because the record in this case is silent as to the right of confrontation, it must be shown that petitioner had independent knowledge of that right. *Harris v. Cupp,* 6 Or App 400, 403, 487 P2d 1402, *rev den* (1971). We

review to determine whether there is any evidence in the record to support the post-conviction court's findings. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

■ The post-conviction court concluded that, because petitioner "said that he had had a jury trial, saw people called as witnesses and examined and cross-examined," he had independent knowledge of his right to confront witnesses. Our reading of the record, however, reveals that petitioner never said that he had had a jury trial, but only that he had once been a witness in a trial. There is no evidence that he had observed the entire trial or had seen other witnesses examined or cross-examined or that the experience had given him any knowledge of the existence of a right to confront witnesses. The only other evidence concerning petitioner's knowledge comes from his statements that he had watched certain television shows. We conclude that the viewing of a fictional court proceeding is not sufficient to inform a person intelligently of a constitutional right. We hold that the record does not support the post-conviction court's finding that petitioner validly waived his right of confrontation.

■ Our inquiry, however, does not end at this point. In order for a petitioner to obtain post-conviction relief, he must show that he has suffered some prejudice in the criminal process by reason of his lack of understanding the consequences of his guilty plea. *Dixon v. Gladden,* 250 Or 580, 444 P2d 11 (1968). In this case, petitioner has not demonstrated any prejudice. There is no evidence that, had petitioner known of his right to confront witnesses, he would have acted any differently. In fact, the evidence tends to show that he would have pled guilty no matter what he knew or was told because, as he stated, "I just wanted to get out." Because petitioner has not established prejudice, he is not entitled to post-conviction relief.

Affirmed.