Argued and submitted September 4, 1984, reversed and remanded June 18, 1985

### RUYE STELTS,
*Petitioner on Review,*

*v.*

### STATE OF OREGON,
*Respondent on Review.*

### (C83-01-30170; CA A28588; SC S30721)

701 P2d 1047

Roger Hennagin, Lake Oswego, argued the cause and filed the briefs for petitioner on review.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the briefs were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Jan Peter Londahl, Assistant Attorney General, Salem.

Thomas C. Bernier, Roseburg, filed a brief *amicus curiae* for the Oregon Criminal Defense Lawyers Association.

LENT, J.

## LENT, J.

■ The issue is whether one who pleads guilty without knowledge of his constitutional right of confrontation must, in order to obtain post-conviction relief, establish that he would not have pleaded guilty had he been aware of his right. We hold that he does not have to establish such "prejudice."

In June, 1979, plaintiff pleaded guilty in district court to a charge of driving a motor vehicle while under the influence of intoxicants. Judgment of conviction was entered on that plea. He took no appeal. In January, 1983, after the time for appeal had expired, he commenced this case under the Post-Conviction Hearing Act, ORS 138.510 to 138.680, to set aside the conviction, alleging that the district court judge had failed to advise him of his state and federal constitutional rights of confrontation and freedom from self-incrimination. Specifically, he proceeded under ORS 138.530(1)(a), which provides:

> "Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:
>
> "(a)   A substantial denial in the proceedings resulting in petitioner's conviction * * * of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

On trial he introduced a tape recording of the proceedings before the district court in June, 1979. That tape reveals that the court's advice on constitutional rights was as follows:

> "You have the right to remain silent. No one can compel you to say anything. Anything you do say can be used against you in court to prove these charges. * * * You have the right to hire and be represented by an attorney. If you wish time to get one, the court will allow it, or you may represent youself. * * * If you are an indigent without money or property, the court will appoint an attorney for you. * * * You are entitled to a jury trial."

Petitioner testified that he had once been a witness for the prosecution in a criminal case and that he had seen courtroom scenes as portrayed in movie and television programs, namely, "Perry Mason" and "Your Day in Court."

Petitioner relied on *Boag v. State,* 44 Or App 99, 605 P2d 304 (1980), in which the court stated:

"In a post-conviction proceeding, the burden is generally upon the petitioner to prove the allegations of his petition by a preponderance of the evidence. ORS 138.620(2). A waiver of constitutional rights is presumed to be involuntary. Therefore, if the record of the court of conviction is silent, a valid waiver of constitutional rights will not be found from it alone. That state must prove either a valid waiver or that petitioner had knowledge of his rights. *Heuer v. Cupp,* 23 Or App 592, 593, 543 P2d 45 (1975). Thus, where the validity of a guilty plea is attacked in a post-conviction proceeding, it must be shown that the defendant knowingly waived his rights to trial by jury and confrontation of witnesses, and his privilege against self-incrimination. *Boykin v. Alabama,* 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969)."

44 Or App at 101.

The state's position at trial was that the advice was sufficient to satisfy the constitution and that, in any event, the record on trial in this case showed that petitioner was aware of his rights and waived them.

■ The trial court found that petitioner was advised of his right against self-incrimination[1] and stated:

"The only question is * * * the right to confront witnesses.

"The witness [petitioner] himself said that he had a jury trial, saw people called as witnesses and examined and cross examined, so trials are such that both sides have a chance to examine a witness, first party calling the witness and the other party after that.

"He had that knowledge. He knew he had — and he had been explicitly told these other things."

Those findings are binding on the Court of Appeals and this court unless the court can affirmatively say there is no evidence to support them. Or Const Art VII (Amend), § 3.

We agree with the Court of Appeals' decision which stated:

"Our reading of the record, however, reveals that petitioner

---

[1] We agree with the Court of Appeals that the district court's advice on self-incrimination was barely sufficient. *Stelts v. State of Oregon,* 67 Or App 364, 366, 677 P2d 1106 (1984).

never said that he had had a jury trial, but only that he had once been a witness in a trial. There is no evidence that he had observed the entire trial or had seen other witnesses examined or cross-examined or that the experience had given him any knowledge of the existence of a right to confront witnesses. The only other evidence concerning petitioner's knowledge comes from his statements that he had watched certain television shows. We conclude that the viewing of a fictional court proceeding is not sufficient to inform a person intelligently of a constitutional right. We hold that the record does not support the post-conviction court's finding that the petitioner validly waived his right of confrontation."

*Stelts v. State of Oregon,* 67 Or App 364, 368, 677 P2d 1106 (1984).

On appeal petitioner contended that the district court judge had failed to follow *Boag v. State, supra.* The state's first position was:

"Petitioner correctly cites *Boag v. State* for the proposition that the post-conviction court improperly allocated the burden of proof in this case."

The state's second position was that *Boag v. State, supra,* should be overruled. The third position was that the error, if any, was harmless because petitioner had not shown that he was prejudiced by the failure to warn.

The Court of Appeals held that the burden of proof is properly placed on the petitioner for post-conviction relief to establish a denial of his constitutional right, but that he meets the burden by introducing the transcript of the proceedings in the court of conviction showing that he was not advised of his right and by testifying that he had no independent knowledge of the right. At that point, held the Court of Appeals, the burden of persuasion shifts to the state, which must then offer evidence that the waiver was knowing and voluntary in order to prevail. The Court of Appeals held that the state had failed to meet its burden to show that the petitioner had independent knowledge of his right to confrontation.

We believe that the Court of Appeals' holding in this respect is actually an affirmative statement that there is no evidence to support the trial court's finding that petitioner knew of his right to confrontation. If so, we agree; if not, we affirmatively say so.

The Court of Appeals then held, however, that petitioner had to establish prejudice by showing that he would have acted differently had he known of his right of confrontation. The Court of Appeals found that petitioner had presented no such evidence and, indeed, that the evidence tended to show that he would not have acted any differently. For want of the showing of that kind of "prejudice," the Court of Appeals affirmed the judgment for the state.

In his brief in the Court of Appeals and in his petition for review, the petitioner did not specifically rely on the text of either state or federal constitution, but cited ORS 135.385, which provides that a court shall not accept a plea of guilty without first determining that the defendant understands the nature of the charge and

"(2)   The court shall inform the defendant:

"(a)   That by a plea of guilty * * * the defendant waives the right:

"* * * * *

"(B)   Of confrontation."

The state then argued in this court that this mere claim of statutory violation by the conviction court was not cognizable by a post-conviction court because only the denial of constitutional rights may be addressed in this post-conviction proceeding.

Before addressing a claim by a defendant that the state has deprived him of liberty without due process of law, as guaranteed by the Fourteenth Amendment to the federal constitution, we ordinarily first consider whether the defendant is entitled to prevail under a state statute. If so, there is no state action of which complaint may be made by the defendant. If not, we consider whether the state action offends the state constitution. If so, defendant will prevail under state law, and there is no need to consider the Due Process Clause. If not, then we must address a defendant's claim under the Due Process Clause.

In this case that method of analysis is not completely open to us because denial of constitutional rights is the only basis for a claim for relief under ORS 138.530(1)(a). The state is correct, therefore, that we are foreclosed from granting

relief for violation of ORS 135.385 *qua* statute. Insofar as the state constitution is concerned, we note that although petitioner has pleaded that he did not validly waive his right to confrontation under Article I, section 12, of the Oregon Constitution, he has not relied on any argument based on the text of section 12 or any case construing it. In these circumstances we shall not address the state constitution claim.

What is left is to determine whether he has invoked and asserted denial of his rights under the Due Process Clause. He did plead that he did not validly waive his right of confrontation under the Sixth Amendment to the Constitution of the United States, as made applicable to the states by the Due Process Clause. In the trial court he relied on *Boag v. State, supra,* a decision drawing on the Due Process Clause. He continued to rely on *Boag* in the Court of Appeals. Although he did not cite that case or any constitutional text in his petition for review to this court, he did cite *Ferren v. Cupp,* 7 Or App 353, 490 P2d 208 (1971), a decision relied on by the Court of Appeals in *Boag. Ferren* was concerned with a claim of denial of rights under the Due Process Clause. There the main thrust of plaintiff's argument was an assertion that he was entitled to prevail under *Boykin v. Alabama,* 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969). Petitioner did cite to this court ORS 135.385, and although we may not address the text of that statute *qua* statute, we can address the text as a statement of Due Process Clause law developed by the Supreme Court of the United States. In other words, had this petitioner not affixed a citation to ORS 135.385 to his statement of the law, that statement was neither more nor less than that pronounced by the Supreme Court of the United States in the decisions which were codified by ORS 135.385.

■  In November, 1972, the Criminal Law Revision Commission submitted to the legislative assembly its final draft and report on the "Proposed Criminal Procedure Code." As we have noted many times, the work of the commission is a valuable source of "legislative" history. *See,* for example, *State v. Garcia,* 288 Or 413, 416, 605 P2d 671 (1980). At pages 154-55, the commentary to the section that has been codified as ORS 135.385 states that the section is based on *"Boykin v. Alabama."* The commentary further makes it clear that the section is based also on *"McCarthy v. United States."* We conclude that ORS 135.385 was intended to lead a trial court

through a catechism that would ensure that a defendant's waiver of constitutional rights would be valid and supply the basis for a constitutionally valid plea of guilty.

In *McCarthy v. United States,* 394 US 459, 89 S Ct 1166, 22 L Ed 2d 418 (1969), the Court was actually construing and applying Federal Rule of Criminal Procedure 11[2] but noted that

> "First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." (Footnotes omitted.)

394 US at 465, 89 S Ct at 1170, 22 L Ed 2d at 424. The Court continued:

> "These two purposes have their genesis in the nature of a guilty plea. A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938). *Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void."* (Emphasis added. Footnotes omitted.)

---

[2] Federal Rule of Criminal Procedure 11 provides in pertinent part:

"(c) ADVICE TO DEFENDANT. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and detemine that he understands, the following:

"(3) * * * and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him * * *.

"(d) INSURING THAT THE PLEA IS VOLUNTARY. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from the plea agreement. * * *"

Compare ORS 135.385.

394 US at 466, 89 S Ct at 1171, 22 L Ed 2d at 425. The Court went on to hold that *"prejudice inheres* in a failure to comply with Rule 11." (Emphasis added.) 394 US at 471, 89 S Ct at 1173, 22 L Ed 2d at 428.

In *Boykin v. Alabama, supra,* the Court, while noting that in *McCarthy* it had been concerned with the duty of a federal judge under Rule 11, held that federal constitutional rights are involved in a state criminal trial:

> "The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. *Douglas v. Alabama,* 380 U.S. 415, 422.
>
> "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan,* 378 U.S. 1. Second, is the right to trial by jury. *Duncan v. Louisiana,* 391 U.S. 145. Third, is the right to confront one's accusers. *Pointer v. Texas,* 380 U.S. 400."

395 US at 243, 89 S Ct at 1712, 23 L Ed 2d at 279. The Court then held that the failure of the record to disclose that a voluntary waiver of those federal constitutional rights had occurred required reversal of the convictions.

The dissenters in *Boykin* appraised the effect of the decision as follows:

> "The Court thus in effect fastens upon the States, as a matter of federal constitutional law, the rigid prophylactic requirements of Rule 11 of the Federal Rules of Criminal Procedure."

395 US at 245, 89 S Ct at 1713, 23 L Ed 2d at 280. The majority did not disavow that characterization of the effect of its opinion.

The logical conclusion is that the Supreme Court of the United States has, by *McCarthy* and *Boykin,* held that "prejudice inheres" in the failure to obtain an effective waiver of the federal constitutional right of confrontation; a contrary holding would have to rest on overruling those decisions.

The Court of Appeals' decision requiring a showing of prejudice seems to be based on the court's reading of *Dixon v. Gladden,* 250 Or 580, 444 P2d 11 (1968). There is language in that decision that would support that understanding, but the

case then before the court was one in which the convicted person sought to set aside a life sentence on the ground that he had not been informed before plea of the maximum sentence that could be imposed. In the post-conviction hearing he admitted that he had known that a life sentence could be imposed before he was sentenced. It is difficult to ascertain whether this court held that he was not prejudiced or merely that he knew of the consequences of his plea and, therefore, his waiver was knowing and voluntary.

Neither *McCarthy v. United States, supra,* nor *Boykin v. Alabama, supra,* had been decided at the time of decision in *Dixon.* There is no mention in *Dixon* of the then very recent decision in a post-conviction case, *Miller v. Gladden,* 249 Or 51, 437 P2d 119 (1968), but in *Miller* this court held that the failure to show a valid waiver of the right to counsel required reversal of the conviction obtained on a guilty plea. The court stated:

"If a knowing waiver is not shown by the court's records, and petitioner testifies he had no knowledge of his right to be represented, the burden is upon the state to prove circumstances from which the post-conviction trial judge can and is willing to infer that petitioner had knowledge of this right."

249 Or at 54. There is no mention of any requirement that the petitioner show prejudice.

■ In summary, we hold that defendant has properly invoked a claim of denial of a federal constitutional right in his pleading and on appeal and review. He has established that denial. The denial causes prejudice to inhere. Indeed, in *McCarthy* the Court stated that the conviction is "void." A void conviction is a nullity; prejudice is immaterial.

The courts below erred in failing to grant relief to this petitioner. He has prayed that his conviction be set aside. This cause must be remanded to the trial court to grant relief pursuant to ORS 138.520.

Reversed and remanded.