No. 907 October 15, 2025 287

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RICHARD JAMES FLORES,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A183609

Argued and submitted August 22, 2025.

Joel Duran, Deputy Public Defender, argued the cause for petitioner. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Vacated and remanded.

**JACQUOT, J.**

Petitioner argues that the Board of Parole and Post-Prison Supervision (the board) erred by imposing special conditions of release that prohibit him from having any contact with his wife, W, and daughter, H. The board responds that petitioner did not sufficiently "exhaust or preserve his argument that the board failed to consider less restrictive options," and that nonetheless, his "argument is without merit." Because we cannot tell from the record and the Administrative Review Responses (ARR 1 and ARR 2), whether the board properly exercised its discretion pursuant to ORS 144.102(4)(a), we vacate and remand.

W and H are not victims of petitioner's crimes of conviction. However, law enforcement interviewed W and H and discovered that in the past when petitioner consumed alcohol, he had been violent with them. Petitioner worked on changing his behaviors with the help of prison programs and professionals who encouraged wife's cooperation. He and his wife maintained daily phone contact, and had weekly visits in-person. Both petitioner and W report that they had developed healthy boundaries. Petitioner's judgment of conviction noted that visits between he and daughter H were "therapeutically recommended."

Prior to his release, the board imposed "special condition 11," prohibiting petitioner from having *any* "contact with victim(s), [C], [T], [W], [H], including direct, indirect second or third party contact or knowingly being within 1,000 feet of a victim's residence, employment, school, daycare or motor vehicle without prior written consent of the PO."

The board denied petitioner's request to remove the conditions with regard to W and H. In ARR 1, the board indicated that the condition was "necessary to assist in [petitioner's] reformation and promote public safety," citing harmful behaviors towards W and H that occurred prior to petitioner's incarceration.

After the opening brief was filed in this judicial review proceeding—in which petitioner argued that the board exceeded its authority by failing to consider a less

restrictive option—the board withdrew ARR 1 "to reconsider the order in light of the contentions raised on appeal." Subsequently, the board issued ARR 2, affirming its denial. In ARR 2, the board justified the denial of petitioner's requested relief by incorporating additional details about aggressive behavior by petitioner directed at W and H in the past, and because W "enabled [petitioner's] criminal conduct by purchasing firearms for [him] to use and keep even though [he] is a convicted felon and not lawfully allowed to possess" them. The board reiterated that the complete prohibition on contact between petitioner and his wife and daughter—unless prior written approval was provided by his supervising officer—was necessary to promote reformation and public safety, including that of W and H.

The board also stated that the contact between petitioner and W during his incarceration does not justify removal of the special condition because those "visits took place in a controlled environment in the presence of security staff [and] with limited physical contact." The board stated that the special condition is not absolute, because the supervising officer can permit contact as petitioner complies with supervision and programs.

In response, petitioner filed a supplemental brief arguing that imposition of special condition 11 exceeded the board's authority because the board did not consider less restrictive options and failed to "weigh the different interests of the parties—*i.e.*, such as weighing the benefit of a particular condition to the public safety and the offender's reformation against the burden that it would impose on the offender" and that the prohibition on all contact with W and H does not "fall within the range of legally permissible outcomes." *Crombie v. Board of Parole*, 325 Or App 312, 321, 528 P3d 1171 (2023) (internal quotation marks and citation omitted).

Though the board argues that petitioner's argument is "unexhausted and unpreserved," we consider this case to be sufficiently exhausted and preserved to reach the merits. *See Tuckenberry v. Board of Parole*, 365 Or 640, 654-55, 452 P3d 227 (2019) (reaching the merits of a petitioner's argument even though he did not "raise the exact statutory

authority and constitutional arguments that he [asserted] through counsel" in his request for administrative review).

We review "for legal error, substantial evidence, and substantial reason." *Bell v. Board of Parole*, 283 Or App 711, 713, 391 P3d 907, *rev den*, 361 Or 645 (2017). "Substantial evidence supports an agency's finding when the record, viewed as a whole, would permit a reasonable person to make that finding." *Id.* at 722 (internal quotation marks and citations omitted). Substantial reason requires that the board's "conclusions must reasonably follow from the facts found." *Jacobs v. Board of Parole*, 342 Or App 41, 49-50, ___ P3d ___ (2025) (internal quotation marks and citation omitted). If an agency order is "outside the range of discretion delegated to the agency by law" or violates a constitutional or statutory provision, we must remand. ORS 183.482(8)(b). The board may "impose any condition that, in light of the supervised person's individual circumstances, the board reasonably could view as *essential to or required for* one or both of its broad objectives of promoting public safety and assisting in an offender's reformation." *Crombie*, 325 Or App at 320 (analyzing the board's authority under ORS 144.102(4)(a) (emphasis in *Crombie*; internal quotation marks and citation omitted)). The board must focus on the individual circumstances of the person on supervision and "may consider more than just the narrow circumstances of an offender's current crimes of conviction." *Id.* (internal quotation marks and citations omitted). "[T]he board must proportion special conditions to the risk" and "[m]ore restrictive supervision conditions generally require greater justification." *Id.* at 321 (internal quotation marks and citations omitted).

Petitioner argues that the sweeping prohibition on any direct or indirect contact with his wife and daughter exceeds the board's authority under ORS 144.102(4)(a) because a prohibition on all contact (including phone and written) with his family members cannot reasonably be justified as essential for public safety or his reformation needs.

Although the board has discretion in imposing release conditions, that discretion is limited: ORS 144.102(4)(a) authorizes it only to impose conditions that "the board reasonably could view as essential to or required" for

reformation or public safety, given the petitioner's individual circumstances. *Penn v. Board of Parole*, 365 Or 607, 635, 451 P3d 589 (2019); *see also Schmult v. Board of Parole*, 306 Or App 350, 354, 474 P3d 920 (2020) (a "stringent condition" requires greater justification, and the various interests of the parties must be weighed, in consideration of the facts of a particular case).

This record does not adequately explain why all contact must be prohibited at the outset of supervision. Thus, we remand for the board to reconsider the breadth of the condition or to provide a more fulsome explanation of why all forms of contact with petitioner's family must be limited to accomplish one of the legitimate goals of supervision. *See Crombie*, 325 Or App at 321 (describing the requirement that the board weigh the burdens imposed by a condition against the potential reformation and safety benefits of a particular condition).

Because petitioner's statutory challenge is dispositive, we do not reach his constitutional arguments. *See Stelts v. State of Oregon*, 299 Or 252, 257, 701 P2d 1047 (1985) (providing for consideration of state statutory arguments, then state constitutional arguments, then federal constitutional arguments).

Vacated and remanded.